UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CECIL M. TIPTON, JR., Chapter 7 Trustee of Novan Construction, Inc., <br><br>    Plaintiff, <br><br>v. <br><br>HYUNDAI ENGINEERING AMERICA, INC., a California corporation <br><br>    Defendant. | Civil Action No. 2:19-cv-00843-SMD |

## ANSWER

Defendant Hyundai ENG America, Inc. ("HEA") (incorrectly named as Hyundai Engineering America, Inc.), by and through its undersigned attorneys, hereby answers and responds to the allegations contained in the Complaint by Cecil M. Tipton, Jr., Chapter 7 Trustee of Novan Construction, Inc ("Plaintiff").

Defendant denies all allegations of fact, conclusions of law, and other matters contained in the Complaint, including headings and captions, not specifically admitted in this Answer.

1. In answering Paragraph 1, HEA would show that the United States District Court for the Middle District of Alabama has jurisdiction to hear and determine Plaintiff's claims as a result of the Notice of Removal filed by HEA.

2. In answering Paragraph 2, HEA would show venue is proper in the United States District Court for the Middle District of Alabama.

3. HEA admits the allegations in Paragraph 3.

4. HEA admits that it is a California Corporation authorized to transact business in Alabama, that HEA maintains offices at 700 Hyundai Blvd., Montgomery, Alabama 36105, and

that its principal offices are located at 111 Peters Canyon Road, Irvine California 92606. HEA further admits that its registered agent for service of process is as alleged in the Complaint. Except as expressly admitted, all remaining allegations in Paragraph 4 are denied.

5. HEA is without knowledge as to the allegations in Paragraph 5, which are, therefore, denied.

6. HEA admits that its corporate offices are in Irvine, California and that it has a local office in Montgomery, Alabama. Except as expressly admitted, all remaining allegations in Paragraph 6 are denied.

7. HEA admits that HEA submitted a Request for Quotation (RFQ) for the construction of certain improvements to the stamp shop at the Hyundai Motor Manufacturing Alabama, LLC ("HMMA") facilities in Montgomery, Alabama in March of 2017. HEA further admits that copies of the RFQ were provided to various construction industry service providers, including Novan Construction, Inc. ("Novan"), and that Novan submitted a proposal in response to the RFQ. HEA admits that HEA contracted with HMMA to serve as general contractor with respect to the above described project. Except as expressly admitted, all remaining allegations in Paragraph 7 are denied.

8. HEA admits that Novan submitted proposals to HEA in March and April of 2017. HEA denies that a copy of said proposal was attached to the complaint as alleged in Paragraph 8; the exhibit cited as Exhibit A in Plaintiff's Complaint is the purchase order provided by HEA to Novan. HEA admits that the contract price stated in the above-referenced purchase order was $1,370,000.00. Except as expressly admitted, all remaining allegations in Paragraph 8 are denied.

9. HEA admits that HEA signed a purchase order obligating Novan to perform the scope of work set forth in said purchase order and/or the other contract documents incorporated therein by

reference. HEA further admits that no parties other than HEA and Novan executed the purchase order. Except as expressly admitted, all remaining allegations in Paragraph 9 are denied.

10. HEA denies the allegations in Paragraph 10.

11. HEA denies the allegations in Paragraph 11.

12. HEA admits that HEA obtained a certificate of occupancy for the project that is the subject of this action and that HMMA moved into and now occupies same. Except as expressly admitted, all remaining allegations in Paragraph 12 are denied.

13. HEA admits that HMMA is utilizing the building that is the subject of this action. Except as expressly admitted, all remaining allegations in Paragraph 13 are denied.

14. HEA admits that Cecil M. Tipton, Jr. was appointed and is currently serving as the Chapter 7 Trustee of Novan Construction, Inc. Except as expressly admitted, all remaining allegations in Paragraph 14 are denied.

15. HEA is without knowledge as to the allegations in Paragraph 15, which are, therefore, denied.

16. HEA is without knowledge as to the allegations in Paragraph 16, which are, therefore, denied.

17. HEA denies the allegations in Paragraph 17.

18. HEA admits that a demand for payment was made, and that no payment was made by HEA to Plaintiff as a result of said demand. Except as expressly admitted, all remaining allegations in Paragraph 18 are denied.

19. HEA denies the allegations in Paragraph 19.

20. HEA denies the allegations in Paragraph 20.

21. HEA denies the allegations in Paragraph 21.

22. HEA denies the allegations in Paragraph 22.

23. HEA denies the allegations in Paragraph 23.

24. HEA denies the allegations in Paragraph 24.

25. HEA re-incorporates its responses to the paragraphs incorporated into Paragraph 25 of the Complaint.

26. HEA admits that it entered into a construction contract with Novan. Except as expressly admitted, all remaining allegations in Paragraph 26 are denied.

27. HEA denies the allegations in Paragraph 27.

28. HEA denies the allegations in Paragraph 28.

29. HEA denies the allegations in Paragraph 29.

30. HEA denies the allegations in Paragraph 30.

31. HEA denies the allegations in Paragraph 31.

32. HEA denies the allegations in Paragraph 32.

33. HEA denies the allegations in Paragraph 33.

34. HEA re-incorporates its responses to the paragraphs incorporated into Paragraph 34 of the Complaint.

35. HEA denies the allegations in Paragraph 35.

36. HEA denies the allegations in Paragraph 36.

37. HEA denies the allegations in Paragraph 37.

38. HEA denies the allegations in Paragraph 38.

39. HEA re-incorporates its responses to the paragraphs incorporated into Paragraph 39 of the Complaint.

40. HEA denies the allegations in Paragraph 40.

41. HEA denies the allegations in Paragraph 41.

42. HEA denies the allegations in Paragraph 42.

43. HEA denies the allegations in Paragraph 43.

44. HEA re-incorporates its responses to the paragraphs incorporated into Paragraph 44 of the Complaint.

45. HEA denies Plaintiff is entitled to the relief claimed in Paragraph 45.

46. HEA denies Plaintiff is entitled to the relief claimed in Paragraph 46.

47. HEA re-incorporates its responses to the paragraphs incorporated into Paragraph 47 of the Complaint.

48. HEA denies the allegations in Paragraph 48.

49. HEA denies the allegations in Paragraph 49.

50. HEA denies the allegations in Paragraph 50.

51. HEA denies the allegations in Paragraph 51.

52. HEA denies the allegations in Paragraph 52.

53. HEA denies the allegations in Paragraph 53.

HEA further denies that Plaintiff is entitled to any relief claimed in Plaintiff's prayer for relief.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE
**(Failure to state claim or cause of action)**

1. HEA alleges that Plaintiff's Complaint fails to sufficiently constitute a cause of action against HEA or fails to state facts upon which a claim can be based.

### SECOND DEFENSE
**(Damages claimed attributable to others)**

2. HEA alleges that the damages, if any, suffered by Plaintiff were the result of the acts or omissions of other parties, unnamed in this action, for which HEA bears no responsibility.

### THIRD DEFENSE
### (Breach of contract by Plaintiff)

3. HEA alleges that to the extent Plaintiff seeks recovery in contract, Plaintiff materially breached the terms and conditions of said contract and is entitled to no relief thereon.

### FOURTH DEFENSE
### (Set-off)

4. HEA alleges that to the extent Plaintiff has suffered any damages, such damages should be set-off by the damages caused to HEA by Novan.

### FIFTH DEFENSE
### (Waiver by Plaintiff)

5. HEA alleges that Plaintiff has, by its conduct, waived all rights asserted in the complaint and in each and every purported claim for relief therein.

### SIXTH DEFENSE
### (Estoppel)

6. HEA alleges that Plaintiff's conduct, including, but not limited to, its failure to notify HEA of the occurrences complained of, operated as estoppel and waiver of any rights to file the action herein.

### SEVENTH DEFENSE
### (Failure to comply with conditions precedent)

7. HEA alleges that Plaintiff failed and refused to comply with the contractual conditions precedent to this action, including but not limited to, timely written notice and detailed statements of the amounts claimed, thereby extinguishing the right to maintain the action herein.

### EIGHTH DEFENSE
### (Claim barred by laches)

8. HEA alleges that Plaintiff's action is barred under the equitable doctrine of laches.

### NINTH DEFENSE
### (Claim barred by unclean hands)

9. HEA alleges that Plaintiff's action is barred under the equitable doctrine of unclean hands.

### TENTH DEFENSE
### (Recovery reduced or eliminated by failure to mitigate)

10. HEA alleges that any recovery by Plaintiff is barred by its failure to mitigate damages, or that any recovery must be reduced by those damages that Plaintiff failed to mitigate.

### ELEVENTH DEFENSE
### (Obligations void or excused)

11. HEA alleges that, to the extent Plaintiff alleges HEA had any obligation as to which full performance has not been rendered or excused, that obligation did not exist or was based upon acts or omissions that were void or otherwise extinguished.

### TWELFTH DEFENSE
### (No reasonable reliance)

12. HEA alleges that Plaintiffs did not rely reasonably upon alleged promises.

### THIRTEENTH DEFENSE

**(No facts supporting punitive damages)**

13. HEA alleges that Plaintiff's complaint fails to state a claim upon which punitive damages may be awarded.

**FOURTEENTH DEFENSE**
**(Third party setoff)**

14. HEA alleges that any recovery by Plaintiff must be set off or reduced, abated, or apportioned to the extent that any other party's actions caused or contributed to damages, if there were any.

**FIFTEENTH DEFENSE**
**(Plaintiff bad faith)**

15. HEA alleges that Plaintiff's bad faith bars its claims or that any damages must be reduced as a result of Plaintiff's comparative bad faith.

**SIXTEENTH DEFENSE**
**(Liability of independent contractors)**

16. HEA alleges that it is not liable for damages, if there were any, that were caused by independent contractors.

**SEVENTEENTH DEFENSE**
**(Statute of limitations)**

17. HEA alleges that Plaintiff's complaint and each cause of action is barred by the applicable statute of limitations.

**EIGHTEENTH DEFENSE**
**(Lack of proper license or authorization to do business)**

18. HEA alleges that Plaintiff lacks standing or capacity to bring this action because it is not properly licensed or authorized to do business in this state.

Dated:  November 7, 2019.

                Respectfully submitted,

                /s/ Yurie Yeoul Bae
                Yurie Yeoul Bae (ASB-3264-J96L)
                Richard L. DeWeese, Jr. (ASB-0448-K16H)
                *Attorneys for Defendant*
                *Hyundai ENG America, Inc.*

**OF COUNSEL:**

DEWEESE & BAE, LLC
8919 Seaton Pl.
Montgomery, AL 36116
Telephone: 334-239-7994
Email: yurie@deweesebae.com
       richard@deweesebae.com

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that on this 7th day of November, 2019, the foregoing was filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

Charles N. Parnell, III
PARNELL & PARNELL, P.A.
Post Office Box 2189
Montgomery, AL 36102-2189
Telephone: 334-832-4200

                                          /s/ Yurie Yeoul Bae
                                          OF COUNSEL